UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ALISHA C. WALKER,

                Plaintiff,

    -against-                                                1:19-CV-1288 (LEK/CFH)

FAMILY COURT JUDGE CATHERINE
CHOLAKIS, *et al.*,

                Defendants.
_____

### **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

        This action concerns alleged violations of pro se plaintiff Alisha C. Walker's First, Fifth, and Fourteenth Amendment rights. Dkt. No. 1 ("Complaint"). Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985 against the Honorable Catherine Cholakis, a judge of the Family Court of New York, Rensselaer County ("Judge Cholakis"), and attorneys Joseph Drescher ("Drescher") and Matthew Foley ("Foley") (collectively, "Defendants"). Compl. ¶1. Plaintiff seeks damages of at least $1,000,000 against Defendants individually and collectively. <u>Id.</u> ¶¶ 49–52.

        Before the Court are three motions to dismiss made pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6): one filed by Foley, Dkt. Nos. 10 ("Foley Motion to Dismiss"); 10-1 ("Foley Memorandum"); 10-24 ("Foley Affidavit"); one filed by Drescher, Dkt. Nos. 13 ("Drescher Motion to Dismiss"); 13-1 ("Drescher Memorandum"); and one filed by Judge Cholakis, Dkt. Nos. 15 ("Cholakis Motion to Dismiss"); 15-1 ("Cholakis Memorandum") (collectively, "Motions to Dismiss"). Plaintiff did not respond to any motion.

        For the following reasons, the Court grants Defendants' Motions to Dismiss.

**II.     BACKGROUND**

The Court draws all facts, which are assumed to be true, from the Complaint. Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012). Plaintiff's claims stem from a pending custody action in Rensselaer County Family Court ("Family Court"). Plaintiff commenced the action in Family Court on November 15, 2018, against the father of her children, Luke Walker ("Walker") (who is represented by Drescher in the state court proceeding). Id. ¶ 4. Foley was appointed as an attorney for A.W. and T.W. ("Plaintiff's children") by Judge Kehn. Id. ¶ 5. The case was later transferred to Judge Cholakis, who issued orders on May 31, 2019 and August 19, 2019, granting temporary custody of Plaintiff's children to Walker. Id. ¶11. In response to this temporary custody ruling, Plaintiff brought this action against Defendants on October 18, 2019. Id. ¶ 2.

**A. Plaintiff's Factual Allegations and Claims**

Plaintiff alleges that Drescher and Foley conspired with Judge Cholakis to deprive her and her children of their civil and constitutional rights. Compl. ¶¶ 46–47. Judge Cholakis violated her children's due process rights. Id. ¶¶ 42, 45. Foley discriminated against Plaintiff on the basis of her Buddhist religion by informing the court the Plaintiff believed in karma and thus would not provide medical attention to the children. Id. ¶ 17.

Moreover, in the course of the proceeding, Foley and Drescher made "false and misleading statements with no evidentiary support" and "belittled [Plaintiff's] character." Id. ¶¶ 30–31, 37. Drescher and Foley engaged in deceit, "character assassination and perjury." Id. ¶ 27.

Judge Cholakis demonstrated a lack of judicial competence, as she "made numerous improper pejorative and discriminatory statements," did not read the psychological reports verifying Plaintiff's parental fitness, "appeared not to know the case details," "unduly and

unfairly relied on the spin and deceit and character assassination and perjury" made by Drescher and Foley, and exhibited "personal animus and bias" against Plaintiff. Id. ¶¶ 13–41.

The temporary custody orders are "suspect, gained under lies and false pretenses, and should therefore be considered invalid." Id. ¶ 40.

As a result of improper conduct by Defendants, Plaintiff has been injured and suffered harm, worry, anxiety, sleeplessness, and a loss of protected family and liberty rights. Id. ¶ 48. Defendants are liable to her in an amount no less than $1,000,000, separately and collectively. Id. ¶¶ 45–48.

The Court construes the following claims: (1) a Fourteenth Amendment equal protection claim under § 1983 on behalf of Plaintiff's minor children, against Drescher and Foley; (2) a Fourteenth Amendment due-process claim under § 1983 on behalf of Plaintiff's minor children, against Judge Cholakis; (3) a Fourteenth Amendment "equal protection" claim and due-process claim under § 1983 and § 1985 against Judge Cholakis, Drescher, and Foley; (4) defamation claims against Foley and Drescher; (5) a claim against Judge Cholakis based on her lack of judicial competence; and (6) a claim for declaratory relief, seeking a declaration that the temporary custody order imposed by Judge Cholakis is invalid.

### III.  LEGAL STANDARD

"Pursuant to [Rule] 12(b)(1), a party may, prior to serving a responsive pleading, move to dismiss a complaint on the ground the Court lacks subject matter jurisdiction. When a federal court lacks the statutory or constitutional power to adjudicate a case, it must be dismissed irrespective of its merits." McCluskey v. Town of E. Hampton, No. 13-CV-1248, 2014 WL 3921363, at *2 (E.D.N.Y. Aug. 7, 2014) (citing Makarova, 201 F.3d at 113). Thus, "[w]hen defendants move for dismissal on a number of grounds, the 'court should consider the Rule

12(b)(1) challenge first since it must dismiss the complaint for lack of subject matter jurisdiction, and the accompanying defenses and objections become moot and do not need to be determined.'" Lipin v. National Union Fire Ins. Co. of Pittsburgh, Pa., 202 F. Supp. 2d 126, 132 (S.D.N.Y. 2002) (quoting Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction by a preponderance of the evidence. Id.

The Court recognizes that pro se plaintiffs enjoy a more liberal pleading standard. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). "This is particularly so when the pro se plaintiff alleges that her civil rights have been violated." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). But pro se plaintiffs must still "comport with the procedural and substantive rules of law." Javino v. Town of Brookhaven, No. 06-CV-1245, 2008 WL 656672, at *3 (E.D.N.Y. Mar. 4, 2008). To survive a 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atl. Corp. v Twombly, 550 U.S. 544, 545 (2007).

**IV.   DISCUSSION**

The Court grants the Defendants' Motion to Dismiss because there is a lack of subject matter jurisdiction, Plaintiff cannot assert claims on behalf of her minor children, and Defendants are protected by various forms of immunity.

### A. The Court Lacks Subject Matter Jurisdiction

Drescher and Foley move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine and the Younger Abstention doctrine. Foley Mem. at 1, 9; Drescher Mem. at 8, 10. All Defendants move to dismiss for lack of subject matter jurisdiction under the Domestic Relations exception. Foley Mem. at 8; Drescher Mem. at 7; Cholakis Mem. at 5. The Court analyzes each doctrine in turn.

#### 1. *Rooker-Feldman* Doctrine

Defendants Foley and Drescher argue that Plaintiff's claims must be dismissed pursuant to the Rooker-Feldman doctrine. Foley Mem. at 1; Drescher Mem. at 8. This doctrine "pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it." Vossbrinck v. Accredited HomeLenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014). The Rooker-Feldman doctrine bars "federal courts from exercising jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Sykes v Mel S. Harris and Assoc. LLC, 780 F3d 70, 94 (2d Cir 2015) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Accordingly, the Rooker Feldman doctrine has four requirements: (1) the plaintiff must have lost in state court; (2) the loss must have occurred before the district court proceedings commenced; (3) the plaintiff must complain of injuries caused by a state court judgment; and (4) the plaintiff must invite district court review and rejection of that judgment. Hoblock v. Albany County. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). The first and second requirements are "loosely termed" procedural, while the third and fourth requirements are substantive. Id.

The Rooker-Feldman doctrine does not bar jurisdiction in this action because the Plaintiff's claims do not meet the first requirement: Plaintiff did not lose in state court. The Rooker-Feldman doctrine does not apply when the state court had not entered a final custody order because the "outcome of the state action is unclear" and the "court proceedings never reached a final outcome that would be appealable in state court". Krowicki v. Sayemour, No. 16-CV-1186, 2016 WL 9227665, at *5 (N.D.N.Y. Oct. 5, 2016) (citing Green v. Mattingly, 585 F.3d 97, 102 (2d Cir. 2009), report and recommendation adopted by No. 16-CV-1186, 2017 WL 2804945 (N.D.N.Y. June 28, 2017). Plaintiff commenced this action due to a loss in temporary custody of her children pursuant to a court order. Compl. ¶ 10. A final custody order to remove her children has not been issued. Id. ¶ 11. Given these circumstances, Plaintiff has not "lost" in state court. Green, 585 F.3d at 102. Therefore, the Court finds that Rooker-Feldman does not bar Plaintiff's claims.

### 2. *Younger* Abstention

Drescher and Foley argue that Plaintiff's claims are also barred by the doctrine of Younger abstention. Foley Mem. at 9; Drescher Mem. at 10. There is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v Garden State Bar Ass'n, 457 US 423, 431 (1982). The Younger abstention doctrine "requires federal courts to abstain from exercising jurisdiction over claims that implicate ongoing state proceedings." Torres v. Gains, 130 F. Supp. 3d 630, 635 (D. Conn. 2015) (citing Younger v. Harris, 401 U.S. 37, 43–44 (1971)). "[Younger] abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal

6

constitutional claims." Morpurgo v Inc. Vil. of Sag Harbor, 327 F. Appx. 284, 285 (2d Cir 2009) (quoting Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

The Court must abstain from exercising jurisdiction over the present case. This suit undoubtably "raises important state interests," because the Plaintiff has challenged a temporary order in an ongoing child custody dispute. Graham v N.Y. Ctr. for Interpersonal Dev., No. 15-CV-459, 2015 WL 1120120, at *3 (E.D.N.Y. Mar. 12, 2015) (quoting Reinhardt v. Com. of Mass. Dep't of Social Servs., 715 F.Supp. 1253, 1256 (S.D.N.Y. 1989). Additionally, "[Plaintiff] is able to raise any potential constitutional claims in the state court system." Graham, 2015 WL 1120120, at *3.[1] Plaintiff stated that the temporary custody order was gained under "lies and false pretenses and therefore should be considered invalid." Compl. ¶40. Thus, in addition to seeking monetary damages, Plaintiff is seeking declaratory relief. Younger abstention effectively bars a plaintiff's claims for declaratory relief. See Morpurgo, 327 F. Appx. at 285–86 (holding that Younger barred plaintiff's claims for injunctive and declaratory relief). Therefore, Plaintiff's claims for declaratory relief are barred by Younger.

Conversely, the Second Circuit "[has] held that abstention and dismissal are inappropriate when [monetary] damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief." Kirschner v Klemons, 225 F3d 227, 238 (2d Cir 2000). In Morpurgo, for instance, the Court abstained from exercising jurisdiction over the plaintiff's claims for injunctive relief pursuant to Younger but did not bar the plaintiff's claims for monetary relief. 327 Fed. App'x. at 286. Likewise, Plaintiff's claims for monetary relief are not barred by Younger.

---

[1] The appropriate place for a party to appeal a final decision made in Rensselaer County Family Court is the Supreme Court of New York, Appellate Division, Third Department. Family Ct. Act § 1111.

Pursuant to Younger abstention, the Court is barred from exercising subject matter jurisdiction over Plaintiff's claim for declaratory relief . Although Younger does not bar Plaintiff's claims for monetary relief, as discussed above, all of Plaintiff's claims seeking monetary relief are dismissed for a lack of subject matter jurisdiction under the domestic relations exception.

### 3. *Domestic Relations Exception*

Defendants argue that Plaintiff's claims are barred by the domestic relations exception. Foley Mem. at 8; Drescher Mem. at 7; Cholakis Mem. at 5. It is well-settled that federal courts generally do not have jurisdiction over domestic relations matters, which include divorce, child custody, child support, and alimony. Marshall v. Marshall, 547 U.S. 293, 294–295 (2006). This policy exception exists because the states have developed competence and expertise in adjudicating marital and custody disputes, a skill that the federal courts traditionally lack. See Thomas v. New York City, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993). Claims that: (1) attempt to "rewrit[e] a domestic dispute as a tort claim for monetary damages," Schottel v. Kutyba, No. 06-1577-CV, 2009 WL 230106, at *6 (2d Cir. Feb. 2, 2009); or (2) allege constitutional violations but whose injuries "stem directly from the disputed family court decision," Amato v. McGinty, No. 17-CV-593, 2017 WL 4083575, at *5 (N.D.N.Y. Sep. 15, 2017), will be barred under the domestic relations exception.

Here, Plaintiff's claims fail because they stem directly from a child custody decision. Plaintiff commenced a civil rights action and has alleged that the actions and decisions of Judge Cholakis, Foley, and Drescher were unconstitutional. Compl. ¶¶ 45–48. Although she is not directly seeking a rejection of state judgment in her request for relief, the "crux of the argument" arises out of the temporary custody order because the Court would need to "re-examine and

reinterpret" the state court order and evidence surrounding the order to effectively address her constitutional claims. Amato, 2017 WL 4083575, at *5; see also Pappas v. Zimmerman, No. 13-CV-4883, 2014 WL 3890149, at *4 (E.D.N.Y. Aug. 6, 2014) (holding that the domestic relations exception barred the plaintiff's claims because she raised constitutional issues that invited the federal court to "re-examine and reinterpret" state court divorce proceedings).

In Amato, although plaintiffs alleged that the "order and processes" of the family court were unconstitutional, the domestic relations exception applied because plaintiff's injuries "stem[med] directly" from the disputed family court custody decision. 2017 WL 4083575, at *5. Likewise, Plaintiff's claims are barred under the domestic relations doctrine, because she invited the Court to re-examine and reinterpret a temporary custody order made in Family Court, and her injuries stem directly from this custody decision.

Additionally, to obtain a review of the state court decision, Plaintiff has rewritten a domestic dispute as a tort claim for monetary damages. This Court recently clarified that state courts are better suited to adjudicate tort claims that "begin and end in a domestic dispute." Dodd v. O'Sullivan, 19-CV-560, 2019 WL 2191749, at *4 (N.D.N.Y. May 21, 2019) (quoting Schottel, 2009 WL 23106, at *1), report and recommendation adopted by 519-CV-560, 2020 WL 204253 (N.D.N.Y. Jan. 14, 2020) (Kahn, J.). Therefore, pursuant to the domestic relations exception, the Court dismisses Plaintiff's claims for monetary relief for lack of subject matter jurisdiction.

### B. Plaintiff Cannot Assert Claims on Behalf of Her Minor Children

Defendants move to dismiss Plaintiff's claims made on behalf of her minor children. Foley Mem. at 8; Drescher Mem. at 9; Cholakis Mem. at 8. "Federal Rule of Civil Procedure 17(c)(1)(A) permits a guardian to bring suit on behalf of a minor." Hagans v Nassau County

Dept. of Social Services, 18-CV-1917, 2020 WL 1550577, at *4 (E.D.N.Y. Mar. 31, 2020). However, it is well established that a pro se plaintiff lacks the authority to represent anyone other than herself in a court action, including her child. Cheung v. Youth Orchestra Found of Buffalo Inc., 906 F.2d 59, 61 (2d Cir. 1990); LeClair v. Vinson, 19-CV-28, 2019 WL 1300547, at *4 (N.D.N.Y. Mar. 21, 2019), report and recommendation adopted by 19-CV-28, 2019 WL 2723478 (N.D.N.Y. July 1, 2019). This restriction exists because "the choice to appear pro se is not a true choice for minors who under state law cannot determine their own legal actions." Cheung, 906 F.3d at 61 (citation omitted).

Plaintiff purports to represent her minor children in this action. Compl. ¶¶ 42, 45–48. Accordingly, Plaintiff's claims alleging constitutional violations of her children's rights should be dismissed.

### C. Defendants Are Entitled to Immunity

Defendants assert that Plaintiff's claims should be dismissed under 12(b)(6), because even if the case had proper subject matter jurisdiction, Plaintiff fails to state a claim upon which relief can be granted, as Defendants are protected by quasi-judicial immunity, absolute immunity, and sovereign immunity.

#### 1. Quasi-Judicial Immunity

Foley argues that as an appointed attorney, his actions are protected by quasi-judicial immunity. Foley Mem. at 6. "Law guardians are entitled to quasi-judicial immunity for actions pertaining to their representation of a child in family court." Amato, 2017 WL 4083575, at *3. Quasi-judicial immunity is absolute and protects court-appointed guardians from civil liability. Lewittes v. Lobis, 4-CV-155, 2004 WL 1854082, at *11 (S.D.N.Y. Aug. 19, 2004) aff'd., 164 F. Appx, 97 (2d Cir. 2006). Foley was appointed by Judge Kehn to represent Plaintiff's children.

Thus, Foley, who is being sued for conduct he engaged in when representing Plaintiff's children, is protected from suit under quasi-judicial immunity.

### 2. Absolute Immunity

Drescher argues that he is entitled to absolute immunity from defamation claims for all statements made during the family court proceedings. Drescher Mem. at 11–12. Attorneys have absolute immunity from liability for defamation "when such words and writings [made during a court proceeding] are material and pertinent to the questions involved." Front, Inc. v. Khalil, 24 N.Y.3d 713, 718 (2015) (quoting Youmans v. Smith, 153 N.Y. 214, 265 (1897)). This immunity allows an attorney to "speak freely to zealously represent their clients without fear of harassment or financial hazard." Park Knoll Assoc. v. Schmidt, 59 N.Y.2d 205, 209 (1983). When there is an absolute privilege, the defendant has immunity from liability regardless of motive. Id.

Plaintiff alleges that Foley and Drescher conspired with Judge Cholakis to deprive her of her constitutional and civil rights. Compl. ¶ 10. Plaintiff further alleges that Drescher and Foley gave "false and misleading statements" to Judge Cholakis that were "full of innuendo and not backed up by any factual evidence." Id. ¶ 13. Plaintiff believes that Drescher's language was full of "deceit", "character assassination, and perjury." Id. ¶ 27. Given that there are no factual allegations to support any other claim on these facts,[2] the Court has construed Plaintiff's

---

[2] Plaintiff alleges that Defendants acted in concert to deprive her of her constitutional and civil rights under §1983 and §1985. To state a claim under § 1983, "a plaintiff must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived them of that right acted under color of state law.'" Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980). Private individuals who are not state actors (not acting under the color of state law) may be liable under §1983 "if they have conspired with or engaged in joint activity with state actors." Storck v. Suffolk County Dept. of Social Services, 62 F. Supp. 2d 927, 940 (E.D.N.Y 1999). Allegations of conspiracy cannot be vague nor conclusory but must allege with "some degree of particularity" clear acts that defendants engaged in that were reasonably related to the alleged conspiracy. Id. Plaintiff did not allege any specific acts that Drescher and Foley engaged in that would indicate a conspiracy with

allegations against Drescher as a claim for defamation, for which Drescher has absolute immunity.[3]

### 3. Sovereign Immunity

Judge Cholakis argues that all claims against her are barred by judicial immunity and Eleventh Amendment sovereign immunity. Cholakis Mem. at 2–5. Judicial immunity protects conduct "taken as part of all judicial acts except those performed in the clear absence of jurisdiction." LeClair, 2019 WL 1300547, at *7; see also Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). When determining the limits of judicial action, the judge's jurisdictional scope must be construed broadly. LeClair, 2019 WL 1300547, at *7. This immunity is designed to benefit the public, so that the judge may exercise her functions with "independence and without fear of consequences." Id. Further, the Eleventh Amendment bars a plaintiff from bringing suit in federal court against a state, its agencies, or officials unless the state consents to the suit or there is a statutory waiver of immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465, U.S. 89, 99–101 (1984).

Judge Cholakis has absolute judicial immunity for all judicial actions that occurred within her judicial capacity. Accepting Plaintiff's allegations as true, all of Judge Cholakis's actions occurred while she was working within her judicial capacity to determine the proper custody for Plaintiff's children. Plaintiff alleges that Judge Cholakis demonstrated a lack of judicial

---

Judge Cholakis. Therefore, the allegation should be dismissed under 12(b)(6) because Plaintiff fails to state a claim under §1983 against Drescher and Foley. Similarly, to state a claim under § 1985, the plaintiff's claim must contain more than conclusory or vague allegations of conspiracy. Storck, 62 F. Supp. 2d at 940. Accordingly, Plaintiff's § 1985 claim should be dismissed under 12(b)(6) as well.

[3] An individual can file an attorney misconduct complaint with the Third Judicial Department Attorney Grievance Committee in Albany, NY. New York State Unified Court System, Judicial Conduct, Attorneys, *Grievance Complaints*, http://ww2.nycourts.gov/attorneys/grievance/complaints.shtml (last visited June 26, 2020).

competence and exhibited "personal animus and bias" against her. Id. ¶¶ 13–41.  However, "[t]his immunity applies even when the judge is accused of acting maliciously and corruptly." Amato, 2017 WL 4083575, at *3 (quoting Pierson v Ray, 386 U.S. 547, 554 (1967). Accordingly, Judge Cholakis is entitled to judicial immunity.

Judge Cholakis is also protected under sovereign immunity. In Gollomp v. Spitzer, the Court held that the New York Unified Court System is an "arm of the State" and affirmed the dismissal of a §1983 claim against a judge under sovereign immunity. 568 F.3d 355, 365–68 (2d Cir. 2009). Likewise, Plaintiff has filed her complaint against Judge Cholakis, a member of the Rensselaer County Family Court, which is part of the New York Unified Court System. Compl. ¶3; N.Y. Const. Art. VI, §§ 1, 13. All of Judge Cholakis's alleged constitutional violations occurred while she acted within her official capacity as a Family Court judge in adjudicating a custody dispute. Therefore, all claims against Judge Cholakis should be dismissed, because "a suit against a state official in [her] official capacity is, in effect, a suit against the state itself, which is barred." Berman Enterprises, Inc. v Jorling, 3 F.3d 602, 606 (2d Cir. 1993) (citing Hafer v. Melo, 502 U.S. 21, 21 (1991). [4]

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Foley's Motion to Dismiss (Dkt. No. 10), Drescher's Motion to Dismiss (Dkt. No. 13), and Cholakis's Motion to Dismiss (Dkt. No. 15) are **GRANTED**.

---

[4] A complaint regarding a judge's religious discrimination or bias may be filed with the USC Managing Inspector General for Bias Matters. New York State Unified Court System, *Judicial Conduct*, https://nycourts.gov/ip/judicialconduct/index.shtml (last visited June 26, 2020). Similarly, if a party believes that a judge violated the Rules of Judicial Conduct, a complaint can be filed against the judge with the New York State Commission of Judicial Conduct. Id.

Plaintiff's claims against Foley, Drescher, and Judge Cholakis are **DISMISSED** with prejudice, and without leave to amend; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     June 29, 2020
           Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge